UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOFTI MARIUS, | ) | CASE NO. 4:14 CV 1404 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MICHAEL PUGH, WARDEN, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Timofti Marius filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He is currently incarcerated in the Northeast Ohio Correctional Center ("NEOCC"), serving a thirty-one month sentence from the United States District Court for the Northern District of Illinois. In his Petition, he contends the sanction he received from the prison's Disciplinary Hearing Officer ("DHO") for possession of a hazardous tool was excessive in light of his prior clear conduct record. He asks this Court to reduce his sanction.

Petitioner also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

**I. Background**

On November 7, 2013, Officer Kusky stopped the Petitioner at the metal detector posted at the recreation area of NEOCC. He searched Petitioner's jacket and found in its upper pocket a red RCA brand MP3 player equipped with a USB drive. MP3 players and devices which permit files to be transferred are prohibited at NEOCC because they have been deemed to pose a risk of aiding in escape

plans. The Inmate Admission and Orientation Handbook lists the MP3 player as a prohibited item. Petitioner was taken to the Captain's office and was issued a conduct report for possession of a hazardous tool.

Petitioner claims he was not aware MP3 players were prohibited. He contends he received the MP3 player from an inmate that came to NEOCC from FCI-McDowell in West Virginia. The DHO contacted FCI-McDowell and discovered that the MP3 players sold at the FCI-McDowell commissary were the SNSA brand, which are manufactured in clear plastic and which display the inmates' name and prison numbers when the devices are activated. They also contain deactivated USB drives. The MP3 player found in Petitioner's possession did not fit this description.

The DHO issued a written notice of the charge on November 7, 2013 and advised Petitioner of his rights on November 11, 2013. A hearing was conducted on November 18, 2013. Petitioner requested that a staff member be permitted to appear on his behalf, and his Case Manager attended the hearing. The DHO considered the following as evidence: (1) a photograph of the red RCS MP3 player with USB drive found in Petitioner's jacket pocket; (2) a statement from Officer Kusky; (3) a statement from Petitioner; (4) a printout of the technical and product description of the RCA MP3 player; and (5) the Inmate Admission and Orientation Handbook. Petitioner's Case Manager issued a statement to the DHO on Petitioner's behalf indicating that Petitioner had no prior disciplinary problems and had no issues with staff or other inmates. Petitioner was found guilty of the charge and was sanctioned to loss of forty-one days of good time credit, ninety days of disciplinary segregation and one hundred twenty days loss of telephone privileges.

Petitioner does not deny he possessed the MP3 player or that MP3 players are prohibited at NEOCC. He contends loss of forty-one days of good time credits is excessive for a first time conduct

offense. He concedes, however, that the sanction was well within the guidelines set by the Bureau of Prisons. He asks this Court to reduce the sanction.

## II. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243)

## III. Discussion

A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition under §2241 may be used by a federal prisoner only to challenge the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Each

of these statutes provides its own type of relief, and for this reason, they are not interchangeable. Because the loss of good time credits affects the manner in which his sentence is carried out, his petition is properly filed under § 2241.

The Court's ability to review prison disciplinary proceedings is limited. District courts have no authority to review a disciplinary committee's resolution of factual disputes, or to make a redetermination of an inmate's innocence or guilt. *Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill*, 472 U.S. 445, 455 (1985). The only question for the Court to determine is whether the hearing complied with the basic requirements needed to satisfy due process. The standard is not a difficult one to meet. To comply with the requirements of the Due Process Clause, prison officials need only provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1972). Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings. *Id*. at 569-70.

Furthermore, due process requires only that disciplinary findings resulting in the loss of good time credits be supported by "some evidence" in the record. *Superintendent, Massachusetts Correctional Institution at Wolpole*, 472 U.S. at 454-56. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. The DHO is not required to base findings on overwhelming or irrefutable proof of guilt. Even where the evidence is contradictory or partially exculpatory, a DHO may base a finding of guilt on only "some

evidence" that indicates the prisoner is guilty. *Id*. at 457.

In this case, all of the requirements of due process are met. Petitioner received written notice of the charges eleven days before the hearing. He was permitted to call witnesses and a staff member presented evidence of his prior clean conduct record. He received a written statement of the decision, which listed the evidence used to make the determination and the reason for the disciplinary actions taken by the DHO. Moreover, Petitioner did not deny the factual basis for the charges and there was ample evidence to support the DHO's finding that he possessed the MP3 player. Although Petitioner believes the sanction was harsh for a first offense, he concedes it is well within the parameters established by the Bureau of Prisons. Petitioner was not denied due process. Absent a due process violation, the Court has no authority to overturn the findings or sanctions issued by the DHO.

### IV. Conclusion

Accordingly, Petitioner's Application to Proceed *In Forma Pauperis* is granted, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: December 9, 2014     */s/ John R. Adams*
                           JOHN R. ADAMS
                           UNITED STATES DISTRICT JUDGE